# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| VISHNU K. SRENEVASAN, § | | |
| BOP No. 61189-180, § | | |
| § | | |
| **Movant,** § | | CIVIL ACTION No. |
| § | | SA-08-CA-1012-XR |
| v. § | | |
| § | | CRIMINAL ACTION NO. |
| UNITED STATES OF AMERICA, § | | SA-05-CR-426-RF |
| § | | |
| **Respondent.** § | | |

## MEMORANDUM OPINION AND ORDER

Movant has filed a motion to vacate, set aside or correct his federal criminal sentence pursuant to Title 28 U.S.C. §2255. For the reasons set forth at length hereinafter, movant is entitled to no relief from this Court.

## I. Statement of the Case

A. Factual & Procedural Background

_____1. Indictment

_____On July 6, 2005, a federal grand jury in the Western District of Texas indicted movant Vishnu K. Srenevasan on a single count of attempted bank robbery. *Docket entry no. 10.*

2. Guilty Plea

_____On January 4, 2006, movant entered a guilty plea before United States Magistrate Judge Pamela Mathy to the charge against him[1] and the Magistrate Judge issued findings of fact, conclusions

---

[1] The verbatim transcription from movant's January 4, 2006 re-arraignment and guilty plea hearing appears at pages 3-20 of Government's Attachment to the Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. §2255, filed February 20, 2009, docket entry no. 51.

of law, and a recommendation that movant's guilty be accepted. *Docket entry no. 22.* In an Order issued January 17, 2006, the District Court accepted the Magistrate Judge's recommendation and movant's guilty plea. *Docket entry no. 26.*

3.    Sentencing

On April 26, 2006, the District Court, per Judge Royal Furgeson, sentenced movant to serve a 92-month term of imprisonment, to be followed by a 3-year term of supervised release, and directed movant to pay a $100 special assessment.[2] *Docket entry no. 30.* During movant's sentencing hearing, movant raised no objection to his Pre-Sentence Investigative Report and acknowledged receipt of a copy of the government's motion for upward departure.[3]

The sentencing judge then announced his intention to depart upwardly from the recommended Guidelines range of 37 to 46 months after finding movant's offense involved (1) movant's infliction of severe emotional distress on both the bank teller targeted by movant and the bank manager, (2) movant's use of a highly detailed, personalized, nine-page letter threatening not only the teller but

---

[2] The verbatim transcript from movant's April 26, 2006 sentencing hearing appears at pages 22-39 of Government's Attachment to the Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. §2255, filed February 20, 2009, docket entry no. 51. Movant's Final Judgment and Commitment Order appears at docket entry no. 31.

[3] Statement of Facts from Movant's Sentencing Hearing held April 26, 2006, included within Government's Attachment to the Response to Motion to Vacate, Set Aside, or Correct Sentence Pursuant to Title 28 U.S.C. §2255, filed February 20, 2009, docket entry no. 51 (henceforth "S.F. Sentencing Hearing"), at p. 2.

also members of the teller's family, including her two infant children, (3) a brutal emotional assault upon the bank teller, and (4) more than a month of intensive planning and stalking of the bank teller.[4]

Movant's trial counsel argued (1) movant's lack of maturity mitigated the heinous nature of the offense, (2) there was no evidence movant ever intended to make good on any of his threats against the bank teller, (3) the movant would likely be deported upon completing his sentence, and (4) the consequences of separating movant from his family through deportation justified a sentence within the recommended range.[5] Movant apologized on the record for all the pain he had caused his family.[6]

The government argued an upward departure was fully justified based upon (1) the nine-page, highly detailed, terroristic epistle movant sent to the bank teller, which contained numerous very personal threats against the teller and her family members, (2) the movant's apparent lack of empathy for his victims, (3) application note 8 to the Guidelines, which suggests the applicability of an upward departure including when threats to a family member of the victim are part of an offense, (4) the high degree of planning movant's offense required, and (5) the need to protect the public from someone willing to cause the "emotional dismemberment" of his victim.[7]

The victim spoke briefly in open court, informing the sentencing judge the movant's conduct had "ruined" her life and left her unable to be apart from her two young children even as much as

---

[4] S.F. Sentencing Hearing, at pp. 3-5.

[5] *Id.*, at pp. 5-9.

[6] *Id.*, at p. 9.

[7] *Id.*, at pp. 10-13.

"two feet."[8] She also emphasized how, after learning the full extent of the movant's invasion of their privacy, she and her family would never feel safe again knowing he might one day be free.[9]

The sentencing court concluded an upward departure was warranted based upon (1) the movant's threat to the family of the victim, which had caused terrible emotional trauma to the victim, and (2) the issue of protection of the public. [10]

4.    Direct Appeal

Movant appealed his sentence, arguing (1) there was no evidence his offense caused greater emotional trauma than is typical in an attempted bank robbery, (2) the sentencing court's finding that the victim suffered psychological injury was unsupported by expert evidence, and (3) the sentencing court failed to adequately consider movant's lack of previous criminal record and the likelihood movant would be deported.

In an unpublished, *per curiam*, opinion, the Fifth Circuit affirmed, concluding the sentencing court had properly departed upwardly after finding such a departure necessary based on the nature and circumstances of the offense, the seriousness of the offense, to provide just punishment, and to protect the public. *United States v. Srenevasan*, 230 Fed.Appx. 398, 2007 WL 1290130 (5th Cir. May 1, 2007). The United States Supreme Court denied certiorari on January 7, 2008. *Srenevasan v. United States*, ___ U.S. ___, 128 S.Ct. 867, 169 L.Ed.2d 735 (2008).

---

[8]  *Id.*, at p. 13.

[9]  *Id.*, at pp. 13-14.

[10]  *Id.*, at pp. 14-15.

B.    Collateral Proceedings in this Court

On December 18, 2008, movant filed his motion to vacate, set aside, or correct his sentence pursuant to Title 28 U.S.C. Section 2255, arguing therein (1) his due process rights were violated because he was not given notice of the government's motion for upward departure until the date of sentencing, in violation of Rule 32, Fed.R.Crim.P., and (2) his trial counsel rendered ineffective assistance by failing to (a) object to and argue against the government's motion for upward departure, (b) investigate the victim's mental status, (c) request a psychological evaluation of the victim, (d) object to the victim's "testimony" during the sentencing hearing, and (e) object to the sentencing court's upward departure in the absence of expert testimony confirming the severe emotional impact of the offense on the victim. *Docket entry nos. 47 & 48.*

On February 18, 2009, the government filed its response to movant's motion to vacate, pointing out (1) movant's PSI Report, to which movant raised no objection, included an express suggestion that an upward departure might be appropriate in view of the movant's threat against the victim's family, (2) Rule 32 no longer applies to upward departure motions, (3) movant's trial counsel did, in fact, argue against the government's request for an upward departure, and (4) the upward departure in movant's case was fully warranted in view of the seriousness of the offense, the need to protect the public, and (5) the victim had a statutory right to allocution. *Docket entry no. 50.*

## II. Standard of Review

Generally speaking, Section 2255 provides relief for a convicted federal criminal defendant who can establish that either (1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject

to collateral attack. *United States v. Grammas*, 376 F.3d 433, 436 (5th Cir. 2004); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996); United States v. Seyfert, 67 F.3d 544, 546 (5th Cir. 1995); *United States v. Faubion*, 19 F.3d 226, 232 (5th Cir. 1994); *United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992), *cert. denied*, 504 U.S. 962 (1992); 28 U.S.C. § 2255.

Not all complaints about a sentence may be brought initially through a Section 2255 motion. Section 2255 relief is reserved for errors of constitutional dimension and other injuries that could not have been raised on direct appeal and, if left unaddressed, would result in a complete miscarriage of justice. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Payne*, 99 F.3d 1273, 1281 (5th Cir. 1996); *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Section 2255 does not reach errors not of a constitutional or jurisdictional magnitude that could have been reached by a direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Payne*, 99 F.3d at 1281; *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995). "Nonconstitutional claims that could have been raised in a direct appeal, but were not, may not be asserted in a collateral proceeding." *United States v. Payne*, 99 F.3d at 1281.

A defendant may not raise an issue, regardless of whether constitutional or jurisdictional in nature for the first time on collateral review without showing both "cause" and "actual prejudice" resulting from the error. *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000); *United States v. Cervantes*, 132 F.3d at 1109; *United States v. Gaudet*, 81 F.3d at 589. "A movant is barred from raising jurisdictional and constitutional claims for the first time on collateral review unless he demonstrates cause for failing to raise the issue on direct appeal and actual prejudice resulting from the error." *United States v. Patten*, 40 F.3d 774, 776 (5th Cir. 1994), *cert. denied*, 515 U.S. 1132 (1995).

# III. Due Process and Rule 32 Notice Claim

A.    The Claim

Movant argues he was denied the advance notice of a motion for upward departure mandated by the Supreme Court's holding in *Burns v. United States*, 501 U.S. 129, 138-39, 111 S.Ct. 2182, 2187, 115 L.Ed.2d 123 (1991), that "before a district court can depart upward on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government, Rule 32 requires that the district court give the parties reasonable notice that it is contemplating such a ruling."

B.    Analysis

Movant's lack of notice argument fails for at least two reasons.  First, the holding in *Burns*, relied upon by movant herein, is no longer good law: "The fact that Rule 32(h) remains in effect today does not justify extending its protections to variances; the justification for our decision in *Burns* no longer exists and such an extension is apt to complicate rather than to simplify sentencing procedures." *Irizarry v. United States*, ___ U.S. ___, ___, 128 S.Ct. 2198, 2203, ___ L.Ed.2d ___ (2008).  The Supreme Court has declared any attempt, such as movant's herein, to extend the holding in *Burns* to departures from the recommended Guidelines range in a sentencing conducted after the Supreme Court's holding in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), is invalid. *See Irizarry v. United States*, ___ U.S. at  ___, 128 S.Ct. at 2202 ("Any expectation subject to due process protection at the time we decided *Burns* that a criminal defendant would receive a sentence within the presumptively applicable guideline range did not survive our decision in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), which invalidated the mandatory features of the Guidelines.").

Second, movant received actual notice of the possibility of an upward departure sufficient to satisfy both Due Process and Rule 32 concerns by virtue of the language contained in movant's PSI Report which explicitly suggested the propriety of such an upward departure based on the movant's threat against the victim's family. The language quoted from *Burns* above makes clear Burns' PSI Report did not inform him of the possibility the District Court might depart upward from the Guidelines range. Unlike the situation in *Burns*, movant received actual notice of the possibility of an upward departure in his PSI Report. Movant's complaint he was not given advance notice of the possibility he might receive a sentence in excess of the recommended guidelines range is neither legally valid nor factually accurate. Even if the holding in *Burns* is applied to the circumstances of movant's case, movant is not entitled to relief under Section 2255.

## IV. Ineffective Assistance Claims

A.     The Claims

Movant argues his trial counsel rendered ineffective assistance by failing to (1) object to and argue against the government's motion for upward departure, (2) investigate the victim's mental status, (3) request a psychological evaluation of the victim, (4) object to the victim's "testimony" during the sentencing hearing, and (5) object to the sentencing court's upward departure in the absence of expert testimony confirming the severe emotional impact of the offense on the victim.

B.     The Constitutional Standard of Review

The constitutional standard for determining whether a criminal defendant has been denied the effective assistance of *trial* counsel, as guaranteed by the Sixth Amendment, was announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984):

A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

To satisfy the first prong of *Strickland*, i.e., establish that his counsel's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 521, 123 S.Ct. 2527, 2535, 156 L.Ed.2d 471 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91, 120 S.Ct. 1495, 1511, 146 L.Ed.2d 389 (2000). In so doing, a convicted defendant must carry the burden of proof and overcome a strong presumption that the conduct of his trial counsel falls within a wide range of reasonable professional assistance. *Strickland v. Washington*, 466 U.S. at 687-91, 104 S.Ct. at 2064-66. Courts are extremely deferential in scrutinizing the performance of counsel and make every effort to eliminate the distorting effects of hindsight. *See Wiggins v. Smith*, 539 U.S. at 523, 123 S.Ct. at 2536 (holding the proper analysis under the first prong of *Strickland* is an objective review of the reasonableness of counsel's performance under prevailing professional norms which includes a context-dependent consideration of the challenged conduct as seen from the perspective of said counsel at the time). It is strongly presumed counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066.

To satisfy the "prejudice" prong, a convicted defendant must establish a reasonable probability that, but for the objectively unreasonable misconduct of his counsel, the result of the proceeding

would have been different. *Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542; *Strickland v. Washington*, 466 U.S. at 694, 104 S.Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* In evaluating prejudice, a federal habeas court must re-weigh the evidence in aggravation against the totality of available mitigating evidence. *Wiggins v. Smith*, 539 U.S. at 534, 123 S.Ct. at 2542.

In evaluating movant's complaints about the performance of his trial counsel, the issue before this Court is whether the movant's fact-specific allegations satisfy both prongs of the *Strickland* analysis. *Schaetzle v. Cockrell*, 343 F.3d 440, 444 (5th Cir. 2003), *cert. denied*, 540 U.S. 1154 (2004). A convicted criminal defendant urging an ineffective assistance claim has the burden to prove both prongs of the *Strickland* ineffective assistance standard by a preponderance of the evidence. *Montoya v. Johnson*, 226 F.3d 399, 408 (5th Cir. 2000), *cert. denied*, 522 U.S. 1067 (2001).

Under the well-settled *Strickland* standard, the Supreme Court recognizes a strong presumption that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Bell v. Cone*, 535 U.S. 685, 698, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *Strickland v. Washington*, 466 U.S. at 690, 104 S.Ct. at 2066; *Scheanette v. Quarterman*, 482 F.3d 815, 820 (5th Cir. 2007), *stay of execution denied*, ___ U.S. ___, 129 S.Ct. 1305, 173 L.Ed.2d 482 (2009); *Sonnier v. Quarterman*, 476 F.3d 349, 356 (5th Cir. 2007), *cert. denied*, ___ U.S. ___, 128 S.Ct. 374, 169 L.Ed.2d 259 (2007); *Amador v. Quarterman*, 458 F.3d 397, 410 (5th Cir. 2006), *cert. denied*, 550 U.S. 920 (2007); *Gonzales v. Quarterman*, 458 F.3d 384, 390 (5th Cir. 2006), *cert. denied*, 549 U.S. 1323 (2007).

C.     Failure to Object to and Argue Against Upward Departure

1.     Failure to Argue Against Upward Departure Motion

As respondent correctly points out, movant's trial counsel did, in fact, argue against the government's motion requesting the sentencing court to depart upward from the recommended Guidelines range. S.F. Sentencing Hearing, at pp. 5-9. Thus, insofar as movant complains his trial counsel failed to argue against the government's motion for upward departure, movant's complaint is factually inaccurate and legally meritless.

2.     Failure to Object to Upward Departure Motion

As is evident from the immediately preceding section, movant's counsel had no valid basis for challenging the timing of the government's motion for upward departure. Furthermore, all of the grounds contained in the government's motion for upward departure (*docket entry no. 29*) fell within those criteria which this Court could properly consider when imposing movant's sentence (i.e., Application Note 8 to §2B3.2 of the federal Sentencing Guidelines, the nature and circumstances of the offense, and the need for the sentence to reflect the seriousness of the offense, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant). 18 U.S.C. §3553(a). Thus, movant has failed to identify any legally valid bases for an objection to the government's motion for upward departure.

The failure of movant's trial counsel to "object" to the government's motion for upward departure did not cause the performance of movant's counsel to fall below an objective level of reasonableness and did not "prejudice" movant within the meaning of *Strickland. See Wood v. Quarterman*, 503 F.3d 408, 413 (5th Cir. 2007)("failure to raise a meritless objection is not ineffective lawyering; it is the very opposite"), *cert. denied*, ___ U.S. ___, 128 S.Ct. 1874, 170

L.Ed.2d 752 (2008); *Turner v. Quarterman*, 481 F.3d 292, 298 (5th Cir. 2007)(there is nothing ineffective in failing to make an objection that would have been meritless), *cert. denied*, ___ U.S. ___, 128 S.Ct. 34, 168 L.Ed.2d 810 (2007); *Parr v. Quarterman*, 472 F.3d 245, 256 (5th Cir. 2006)(holding failure to raise meritless collateral estoppel defense was not deficient performance), *cert. denied* , ___ U.S. ___, 127 S.Ct. 2974, 168 L.Ed.2d 707 (2007).  The failure of trial counsel to urge a meritless or futile objection or motion does not "prejudice" a defendant within the meaning of *Strickland* because there is no reasonable probability of a different outcome to the defendant's trial or appeal but for the absence of the meritless objection or motion. *See United States v. Kimler,* 167 F.3d 889, 893 (5th Cir.1999) ("An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue.").

> 3.     Conclusions

Movant's complaints about his trial counsel's failure to "object" to the government's motion for upward departure and *alleged* failure to argue against an upward departure do not satisfy either prong of *Strickland* and do not warrant relief under Section 2255.

D.     Failure to Investigate Victim's Mental Health and Request a Psychiatric Evaluation of the Victim

> 1.     Failure to Request Mental Health Evaluation of the Victim

> > a.     No Deficient Performance

There was nothing objectively unreasonable about the failure of movant's trial counsel to request a mental health evaluation of the movant's victim prior to sentencing.  Contrary to the implication underlying this aspect of movant's multi-faceted ineffective assistance claim, a federal

court possesses no authority to compel a private citizen to submit to a mental health examination, who through no voluntary action on her part happened to become the victim of an emotionally wrenching federal criminal offense.

Federal District Courts are courts of limited jurisdiction which possess only the power authorized by the Constitution and federal statutes. *See Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552, 125 S.Ct. 2611, 2616 - 2617, 162 L.Ed.2d 502 (2005)("The district courts of the United States, as we have said many times, are 'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'"); *Rasul v. Bush*, 542 U.S. 466, 489, 124 S.Ct. 2686, 2701, 159 L.Ed.2d 548 (2004)("Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction."); *O'Melveny & Myers v. F.D.I.C.*, 512 U.S. 79, 90, 114 S.Ct. 2048, 2056, 129 L.Ed.2d 67 (1994)("Federal courts, however, 'unlike their state counterparts, are courts of limited jurisdiction that have not been vested with open-ended lawmaking powers.'"). Movant identifies no legal authority which entitled him or his trial counsel to obtain a mental health evaluation of the victim. Nor has this Court's independent research revealed any such authority.

There was nothing objectively unreasonable about the failure of movant's trial counsel to request relief (i.e., a court-ordered mental health evaluation of the victim) which the sentencing court lacked any authority to grant. *See Wood v. Quarterman*, 503 F.3d at 413 ("failure to raise a meritless objection is not ineffective lawyering; it is the very opposite"); *Turner v. Quarterman*, 481 F.3d at 298 (there is nothing ineffective in failing to make an objection that would have been meritless); *Parr*

*v. Quarterman*, 472 F.3d at 256 (failure to raise meritless collateral estoppel defense was not deficient performance).

        b.    <u>No Prejudice</u>

Likewise, movant has failed to allege any specific facts showing a reasonable probability that, but for the failure of his trial counsel to request a court-ordered mental health examination of the victim, the outcome of movant's sentencing hearing would have been any different. More specifically, movant has alleged no facts showing a reasonable probability that, but for the failure of movant's trial counsel to request a court-ordered mental health evaluation of the victim, movant would have received a lesser sentence. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004)(holding appropriate standard in evaluating prejudice prong of *Strickland* in context of a federal sentencing proceeding is whether there is any reasonable probability that, but for the deficient performance of trial counsel, defendant would have received a lesser sentence); *United States v. Conley*, 349 F.3d 837, 842 (5th Cir. 2003)(holding to satisfy prejudice prong of *Strickland* in context of a federal sentencing proceeding, movant must show a reasonable probability that, but for the deficient performance of trial counsel, movant would have received less prison time).

The movant's PSI Report included details regarding the impact of movant's offense upon the bank teller to whom movant directed a nine-page, highly detailed, letter threatening not only the bank teller but members of her family with a brutal death unless the bank teller did as the movant commanded. Movant filed no objections to his PSI Report and does not identify any factually inaccurate information contained therein.[11] Movant's letter included intimate details of the bank

---

[11] Curiously, movant does not fault his trial counsel for failing to object to any specific provision contained in movant's PSI Report.

teller's daily activities and revealed an invasion of her privacy, as well as the privacy of her family. In every sense of the word, the government correctly characterized movant's conduct in stalking the bank teller and sending his nine-page epistle of terror as an "emotional dismemberment" of the bank teller. It would be virtually impossible for any rational human being in the bank teller's position to avoid suffering extreme emotional distress. Movant's offense was not a typical bank robbery attempt; movant went far beyond merely handing a note to a bank employee containing a generic threat. Movant stalked his victim for over a month before he left her a nine-page, threatening letter accurately described by the government during movant's sentencing hearing as a "detailed, cruel, hateful piece of work." Under such circumstances, the potential for inflicting severe emotional distress was obvious. Movant's PSI Report detailed the tumultuous impact movant's nine-page letter had on both the bank teller and her bank manager. Neither expert testimony nor a mental health evaluation of the victim was necessary for this Court to conclude, based on movant's PSI Report, the harmful impact of movant's offense went far beyond a typical bank robbery attempt.

There is not even the remotest possibility, much less a reasonable probability, of a different outcome to movant's sentencing hearing had movant's trial counsel moved for a mental health evaluation of the victim. The sentencing court would have denied such a request.

    2.    <u>Failure to Investigate Victim's Emotional Distress</u>

        a.    <u>No Deficient Performance</u>

There was nothing objectively unreasonable about the failure of movant's trial counsel to investigate the emotional distress suffered by movant's victim. Movant's PSI Report detailed what movant's victim had reported on that subject to the Probation Officer who prepared movant's PSI

Report.[12]  Movant alleges no specific facts showing there was any information available at the time of movant's sentencing suggesting that portion of movant's PSI Report which detailed the impact of movant's criminal conduct on the bank teller contained inaccurate information.  Under such circumstances, there was nothing unreasonable with the failure of movant's trial counsel to investigate the bank teller's emotional well-being or mental health. *See Smith v. Collins*, 977 F.2d 951, 960 (5th Cir. 1992)("The defense of a criminal case is not an undertaking in which everything not prohibited is required.  Nor does it contemplate the employment of wholly unlimited time and resources."), *cert. denied*, 510 U.S. 829 (1993).

        b.    <u>No Prejudice</u>

Movant does not allege any specific facts showing what beneficial information would have been discovered had movant's trial counsel investigated the emotional well-being or mental health of movant's bank teller victim.  Thus, this assertion of ineffective assistance fails to satisfy the prejudice prong of *Strickland*. *See Moore v. Quarterman*, 534 F.3d at 468 n.23 (noting a criminal defendant asserting a claim of ineffective assistance based upon an alleged failure to adequately investigate must demonstrate precisely what beneficial evidence would have been discovered through additional investigation); *Anderson v. Collins*, 18 F.3d 1208, 1221 (5th Cir. 1994)(holding absent a specific, affirmative showing of precisely what evidence or testimony was rendered unavailable due to a trial counsel's failure to investigate, develop, and present same, i.e., a showing of exactly what the missing evidence or testimony would have been, a court cannot even begin to apply the *Strickland*

_____

[12] Movant does not allege any specific facts showing there was any factually inaccurate information on this subject contained in his PSI Report.  Likewise, movant does not accuse his trial counsel of deficient performance for failing to object to any identified error in movant's PSI Report.

analysis because it is very difficult to determine whether the defendant was prejudiced by any such deficiencies in counsel's performance).

Movant's conclusory assertion that such an investigation might have disclosed unspecified information showing the emotional turmoil suffered by the bank teller was no greater than that suffered by the victims of other attempted bank robberies displays a callous disregard for the emotional well-being of all crime victims. It also ignores the fact movant's offense involved far more than a generic threat anonymously transmitted to a teller window; movant left the bank teller a nine-page letter detailing personal information about the bank teller and her family and threatening to kill not only the bank teller but also her family, including her infant children. Application note 8 to §2B3.2 of the Federal Sentencing Guidelines suggests the propriety of an upward departure when an offense involves threats against a victim's family, regardless of whether there is evidence the victim sustained any heightened quantity of emotional distress. Thus, movant was subject to an upward departure simply for making a threat against his victim's family, even without a showing of a tangible increase in his victim's emotional distress level over the stress level sustained by the hypothetical victim of a "typical attempted bank robbery." Under such circumstances, there is no reasonable probability movant would have received a lower sentence had movant's trial counsel undertaken a more thorough investigation into the emotional distress sustained by movant's victim beyond reviewing the information contained in movant's Psi Report.

3.     Conclusions

Movant's complaints about his trial counsel's failure to (1) request a mental health evaluation of movant's bank teller victim and (2) investigate the bank teller's emotional distress level do not satisfy either prong of *Strickland* and do not warrant relief under Section 2255.

17

E.    Failure to Object to Victim's Allocution

During movant's sentencing hearing the bank teller stated briefly on the record that (1) she had suffered extreme emotional distress as a result of the movant's offense and her ability to function as a mother had been negatively impacted by movant's threats to blow up her family, especially movant's threats against her infant children, and (2) she feared for her own safety and that of her family if movant were released back into society. S.F. Sentencing Hearing, at pp. 13-14.

Movant identifies no authority authorizing this Court to prevent a crime victim from speaking prior to the imposition of a federal sentence.  On the contrary, as respondent correctly points out, Rule 32(i)(4)(B), Fed.R.Crim.P., provides "[b]efore imposing sentence, the court must address any victim of the crime who is present at sentencing and must permit the victim to be reasonably heard." Title 18 U.S.C. §3771(a)(4) provides a victim of a federal criminal offense has the right to be reasonably heard at a sentencing hearing.  Thus, there was no legal basis for any objection to the bank-teller-victim's brief statement during movant's sentencing hearing.

Movant suggests his trial counsel should have objected to the bank teller's "testimony" on the ground there was no evidence in the form of expert testimony showing the bank teller had suffered extreme emotional distress.  However, as the authorities discussed above make clear, the movant's victim possessed both a statutory right and a right recognized by the Federal Rules of Criminal Procedure to address the court prior to movant's sentencing regardless of whether the victim had sustained any specified level of emotional distress as a result of movant's criminal conduct.

The failure of movant's trial counsel to object to the movant's victim making a brief statement during movant's sentencing hearing was neither objectively unreasonable nor prejudicial within the meaning of *Strickland*. *See Wood v. Quarterman*, 503 F.3d at 413 ("failure to raise a meritless

objection is not ineffective lawyering; it is the very opposite"); *Turner v. Quarterman*, 481 F.3d at

298 (there is nothing ineffective in failing to make an objection that would have been meritless).

F.      Failure to Object to Upward Departure Absent Expert Testimony

Insofar as movant argues his trial counsel should have objected to the upward departure in

the absence of expert testimony establishing the movant's bank-teller-victim sustained extreme

emotional distress, movant has failed to identify any legal authority requiring expert opinion testimony

on the extent of a crime victim's emotional distress level before a sentencing court may consider same

when imposing sentence.  Nor has this court's independent research disclosed any legal authority

requiring expert  testimony before a federal sentencing court may consider a crime victim's extreme

emotional distress when imposing sentence.  As explained above, movant's PSI Report recounted the

understandable emotional turmoil suffered by movant's bank-teller-victim after she received movant's

nine-page epistle of hate.  Movant did not object to any of the information in his PSI report as

factually inaccurate and does not allege any specific facts showing there was any rational basis at the

time of his sentencing (or at the present time) for doubting the accuracy of that information.  Under

such circumstances, the objection now urged by movant would have been utterly futile.  There was

nothing objectively unreasonable with regard to movant's trial counsel's failure to make such an

objection; nor was movant prejudiced within the meaning of *Strickland* by such failure. *See Wood v.*

*Quarterman*, 503 F.3d at 413 ("failure to raise a meritless objection is not ineffective lawyering; it

is the very opposite"); *Turner v. Quarterman*, 481 F.3d at 298 (there is nothing ineffective in failing

to make an objection that would have been meritless).

G.    Final Conclusions

None of movant's assertions of ineffective assistance by his trial counsel satisfy either prong of *Strickland* and none warrant relief under Section 2255.

## V. **Evidentiary Hearing Unnecessary**

"A motion brought under 28 U.S.C. 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew,* 974 F.2d 39, 41 (5th Cir. 1992).  However, when, as here, a movant for relief under Title 28 U.S.C. §2255 has presented claims that are either contrary to law or plainly refuted by the record, an evidentiary hearing is not necessary. *See United States v. Bartholomew*, 974 F.2d at 41 (holding there was no abuse of discretion in denying a Section 2255 motion without a hearing where the movant's assertions of ineffective assistance was wholly conclusionary in nature and refuted by reference to the record itself); *United States v. Plewniak*, 947 F.2d 1284, 1290 (5th Cir. 1991)(holding an evidentiary hearing is not necessary when the file and records conclusively show the prisoner entitled to no relief), *cert. denied*, 502 U.S. 1120 (1992).

The record herein refutes all but one of movants' claims.  Moreover, where, as here, the movant has furnished only vague conclusions in support of his claims, no evidentiary hearing is necessary. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007)(conclusory allegations of ineffective assistance were insufficient to warrant an evidentiary hearing), *cert. denied*, ___ U.S. ___, 128 S.Ct. 456, 169 L.Ed.2d 319 (2007); *United States v. Edwards*, 442 F.3d 258, 264 (5th Cir. 2006)(conclusions devoid of specific factual support do not require an evidentiary hearing), *cert. denied*, 548 U.S. 908 (2006).

# VII. Certificate of Appealability

Before a movant may appeal the denial of a motion to vacate sentence filed under Section 2255, the movant must obtain a Certificate of Appealability ("CoA"). *Hohn v. United States*, 524 U.S. 236, 239-40, 118 S.Ct. 1969, 1972, 141 L.Ed.2d 242 (1998); *United States v. Hall*, 455 F.3d 508, 513 (5th Cir. 2006), *cert. denied*, 549 U.S. 1343 (2007); *United States v. Webster*, 392 F.3d 787, 791 (5th Cir. 2004); 28 U.S.C. §2253(c)(1)(B). Appellate review is limited to the issues on which a CoA is granted. *See Larry v. Dretke*, 361 F.3d 890, 896 (5th Cir. 2004)(holding a CoA is granted on an issue-by-issue basis, thereby limiting appellate review to those issues), *cert. denied*, 543 U.S. 893 (2004); *Crutcher v. Cockrell*, 301 F.3d 656, 658 n.10 (5th Cir. 2002), (holding the same); *Jones v. Cain*, 227 F.3d 228, 230 n.2 (5th Cir. 2000), (holding the same); *Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997), (holding the scope of appellate review of denial of a habeas petition limited to the issues on which CoA has been granted). In other words, a CoA is granted or denied on an issue-by-issue basis, thereby limiting appellate review to those issues on which CoA is granted alone. *Larry v. Dretke*, 361 F.3d at 896; *Crutcher v. Cockrell*, 301 F.3d at 658 n.10; *Lackey v. Johnson*, 116 F.3d at 151; *Murphy v. Johnson*, 110 F.3d 10, 11 n.1 (5th Cir. 1997); 28 U.S.C. §2253(c)(3). This Court is authorized to address the propriety of granting a CoA *sua sponte*. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

A CoA will not be granted unless the movant makes a substantial showing of the denial of a constitutional right. *Hohn v. United States*, 524 U.S. at 240, 118 S.Ct. at 1972; *Tennard v. Dretke*, 542 U.S. 274, 282, 124 S.Ct. 2562, 2569, 159 L.Ed.2d 384 (2004); *Miller-El v. Johnson*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483, 120 S.Ct. 1595, 1603, 146 L.Ed.2d 542 (2000); *Barefoot v. Estelle*, 463 U.S. 880, 893, 103 S.Ct.

3383, 3394, 77 L.Ed.2d 1090 (1983); *United States v. Hall*, 455 F.3d at 513; *United States v. Webster*, 392 F.3d at 791; *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002), *cert. denied*, 537 U.S. 1018 (2002). To make such a showing, the movant need *not* show that he will prevail on the merits but, rather, must demonstrate reasonable jurists could debate whether (or, for that matter, agree) the motion should have been resolved in a different manner or that the issues presented are adequate to deserve encouragement to proceed further. *Tennard v. Dretke*, 542 U.S. at 282, 124 S.Ct. at 2569; *Miller-El v. Johnson*, 537 U.S. at 336, 123 S.Ct. at 1039; *Slack v. McDaniel*, 529 U.S. at 484, 120 S.Ct. at 1604; *Barefoot v. Estelle*, 463 U.S. at 893 n.4, 103 S.Ct. at 3394 n.4; *United States v. Webster*, 392 F.3d at 791; *United States v. Jones*, 287 F.3d at 329.

The showing necessary to obtain a CoA on a particular claim is dependent upon the manner in which the District Court has disposed of a claim. If this Court rejects a prisoner's constitutional claim on the merits, the petitioner must demonstrate that reasonable jurists could find the court's assessment of the constitutional claim to be debatable or wrong. "[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Miller-El v. Johnson*, 537 U.S. at 338, 123 S.Ct. at 1040 (*quoting Slack v. McDaniel*, 529 U.S. at 484, 120 S.Ct. at 1604). "In a case in which the movant wishes to challenge on appeal this Court's dismissal of a claim for a reason not of constitutional dimension, such as procedural default or limitations, the movant must show jurists of reason would find it debatable whether the motion states a valid claim of the denial of a constitutional right *and* whether this Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484, 120 S.Ct. at 1604 (holding, when a district court denies a habeas claim on

procedural grounds, without reaching the underlying constitutional claim, a CoA may issue only when the petitioner shows that reasonable jurists would find it debatable whether (1) the claim is a valid assertion of the denial of a constitutional right and (2) the district court's procedural ruling was correct).

Viewed in proper context, there is no basis for disagreement among jurists of reason with regard to this Court's disposition of any of movant's claims herein. Movant's complaint that he was denied proper notice of the possibility the sentencing court might depart upward from the recommended guidelines range is factually inaccurate. Movant's PSI report informed movant of precisely this possibility and the factual and legal basis for such an upward departure. Movant's complaints about the performance of his trial counsel are premised upon either erroneous factual assumptions or invalid legal theories. There were no arguable legal or factual bases for any of the objections movant complains his trial counsel failed to make during movant's sentencing hearing. Accordingly, none of movant's ineffective assistance claims satisfy either prong of *Strickland*. Reasonable minds could not disagree with any of the foregoing conclusions. For the reasons set forth at length above, movant is not entitled to a Certificate of Appealability from this Court.

Accordingly, it is hereby **ORDERED** that:

1.       The referral of this cause to the Magistrate Judge is

**WITHDRAWN**.

2.       Movant's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 of Title 28, United States Code, filed December 18, 2008, docket entry nos. 47 & 48, is **DENIED in all respects**.

3.       All other pending motions are **DISMISSED** as MOOT.

4.      Movant's request for an evidentiary hearing is **DENIED**.

5.      Movant is **DENIED** a Certificate of Appealability.

**It is so ORDERED.**

**SIGNED this 25 day of June, 2009.**

**XAVIER RODRIGUEZ**
**UNITED STATES DISTRICT JUDGE**